## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Justin Van Pelt**, *et al.* | * | |
| **Plaintiffs** | * | |
| **v.** | * | **Case No. 1:19-cv-00711-BPG** |
| **Giuseppe's, Inc., et al.** | * | |
| **Defendants** | * | |

_____/

## JOINT MOTION FOR APPROVAL OF
## FLSA SETTLEMENT AGREEMENT

Plaintiffs, Justin Van Pelt ("Van Pelt"), Richard Keller ("Keller"), Johnathan Taylor ("J. Taylor"), and Katherine Taylor ("K. Taylor) (collectively, the "Plaintiffs"), together with Defendants Giuseppe's, Inc. ("Giuseppe's") , Mark E. Witt ("M. Witt") and Laura A. Witt ("L. Witt") (collectively, the "Defendants"), jointly move this Court for an Order granting an approval of a Settlement Agreement reached in this Fair Labor Standards Act ("FLSA") action.[1]

In support of the foregoing, the parties submit the following:

1.      Within three years preceding the filing of this lawsuit, the four Plaintiffs alleged that they worked at various times and in various capacities at the Giuseppe's located in Frostburg, Maryland.

2.      Plaintiff Van Pelt alleged that he was not not paid minimum wages and overtime for his work and all of the Plaintiffs alleged unpaid overtime.

---

[1]      Plaintiffs also brought supplemental claims under the Maryland Wage/Hour Law, Md. Ann. Code § 3-401 et seq. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code § 3-501 et seq. ("MWPCL"). As discussed in ¶ 11, *infra*, there is a requirement that FLSA settlements be supervised by the Court or by the U.S. Department of Labor. However, there is no corresponding requirement that settlements for MWHL or MWPCL be judicially approved. Therefore, the focus on this Motion is on the FLSA claims brought by the

3.     After filing an Answer to this lawsuit, counsel for Plaintiffs and Defendants engaged in written discovery.  Prior to responding to Plaintiffs' requests, Defendants provided Plaintiffs payroll records for all four Plaintiffs along with a settlement offer.[2] (Ex. 1).

4.     Defendants offered Plaintiffs a settlement equal to three times the unpaid wages, including liquidated damages under the FLSA (and additional damages under the Maryland Wage Payment and Collection Law ("MWPCL"), for each Plaintiff, as well as reasonable attorneys' fees.

5.     Plaintiffs' counsel conducted a thorough review of the payroll records provided by Defendants and concluded that the settlement amounts offered by Defendants is equal to the unpaid wages, including liquidated damages under the FLSA, for each Plaintiff.  Plaintiffs agreed with Defendants that the settlement amounts were properly calculated based on actual damages to each Plaintiff.

6.     As per the attached Settlement Agreement (Ex. 2), Plaintiff Van Pelt will recover $1,188.50, which is 3x the amount of unpaid overtime and minimum wages alleged by Plaintiff Van Pelt.

7.     As per the attached Settlement Agreement (Ex. 2), Plaintiff Keller will recover $5,664.96, which is 3x the amount of unpaid overtime alleged by Plaintiff Keller, see Ex. 1.

8.     As per the attached Settlement Agreement (Ex. 2), Plaintiff J. Taylor will recover $469.83 which is 3x the amount of unpaid overtime alleged by Plaintiff J. Taylor, see Ex. 1.

9.     As per the attached Settlement Agreement (Ex. 2), Plaintiff K. Taylor will

---

Plaintiffs, as that claim is the only claim that requires judicial approval.

[2]     The parties subsequently consented to a temporary hold on continued discovery while settlement talks were ongoing to avoid unnecessary expenses.

recover $2,049.82, which is 3x the amount of unpaid overtime alleged by Plaintiff K. Taylor, see Ex. 1.

11. Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)). "Nevertheless, '[c]laims for FLSA violations can ... be settled when the settlement is supervised by the [Department of Labor] or a court.' " Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey v. Scotts Co. LLC,* No. PWG-13-3496, 2014 WL 2174751, at *2 (D. Md. May 23, 2014). Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D.Md.2010)). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 2014 WL 2174751 at *2 (*citing Saman*, 2013 WL

2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL

3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC*, No. DKC–10–2261, 2011 WL

3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where

there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney

who can protect [his] rights under the statute.' " *Duprey* at *2 (*citing Lynn's Food Stores*, 679

F.2d at 1354).

12.    However, neither the Fourth Circuit nor any Judge in this District has addressed

the issue of what review is necessary where, as here, the parties agree that the settlement

represents full relief under the FLSA. The parties submit that when an employee is receiving

full compensation under the FLSA, a lesser degree of judicial scrutiny is required. *Silva v.

Miller*, 307 Fed. Appx. 349, *2 (11th Cir. 2009) ("We do not say what, if any, judicial oversight

applies under *Lynn's Food* when full satisfaction of the FLSA is made"); *Crooms v. Lakewood

Nursing Cntr., Inc.*, 2008 WL 398933, *1 (M.D. Fla. 2008) ("When the defendant represents

that it has offered the plaintiff at least full compensation of his claim, and the plaintiff has not

disputed that representation, the case does not involve a compromise and there is no need for

judicial scrutiny."); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1217

(M.D. Fla. 2003). The Court's approval process is complete so long as the Court is satisfied

that an FLSA Plaintiff is receiving full relief.

13.    The parties represent that full and complete relief is being made with respect to

Plaintiffs' FLSA minimum wage and overtime claims and thus a full review of all of the typical

factors is not required.[3] This is especially true considering that Defendants have offered 3x the

full amount of actual damages suffered by Plaintiffs, which is the same amount Plaintiffs would

---

[3]        While Defendants have agreed to pay 3x the amount of unpaid wages as calculated by Plaintiffs,

recover if Plaintiffs received a judgment in their favor on all claims.

14.     There remains two additional issues requiring the Court's attention: (1) the maintenance of continuing jurisdiction over this case to supervise the settlement payments; and (2) approval of the Attorneys' Fees and Costs.

15.     With respect to the issue of continuing jurisdiction, the parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the settlement payments.  This provision fulfills the Court's proper supervisory role in assuring that no FLSA case is dismissed absent fair and reasonable wage payment to plaintiff workers.  The parties bring to the Court the following paragraph set forth in the Settlement Agreement:

> 16. CONTINUING JURISDICTION.  The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel.  Within fifteen (15) days after the last payment made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice.  The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

By approving this Settlement Agreement, the Court is agreeing to maintain continuing jurisdiction over this case, and once final payment is made, counsel will so notify the Court and the case shall be dismissed with prejudice.  (Appropriate language is set forth in the proposed Order attached hereto to this Motion).

16.     Finally, there remains the issue of Attorneys' Fees and Costs.  "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers

---

Defendants' do not admit to liability.  See ¶ 9 of the Settlement Agreement.

under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3. "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

17.     Under the Settlement Agreement, Plaintiffs' counsel would receive $10,000.00 for Attorneys' Fees and Costs incurred. *See* Ex. 2. Both parties submit that attorneys' fees and costs were negotiated separately and only after a resolution was reached with respect to the Plaintiffs' settlement outcomes.[4] Given the full and uncompromised relief to the Plaintiffs as to their respective minimum wage and overtime claims, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiffs' personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[5]

18.     Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiffs' counsel submits a Declaration together with a detailed billing statement. (Ex. 3). As detailed in this billing statement, Howard B. Hoffman has worked on Plaintiffs' claims at the hourly rate of $400.00,[6] and has

---

[4]     Defendants agreed to pay 3x the Plaintiffs' losses and a certain amount of attorneys' fees. Additional negotiations took place and the parties agreed on repayment attorneys' fees and costs at a slightly higher amount.
[5]     If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiffs, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *Kianpour*, 2011 WL 5375082 at *3 (citation omitted) (quotation omitted); see also *Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).
[6]     Mr. Hoffman has nineteen years of relevant legal experience. *See* Ex. 3, ¶ 15. The requested hourly rate – $400 an hour – fall within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was recently awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*,

worked 9.9 hours.  *See id.* ¶ 4.  Scott E. Kraff, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at the hourly rate of $205.00, and has worked 16.7 hours.  *See* Ex. 3.  Jordan S. Liew, another associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at the hourly rate of $205.00, and has worked 7.3 hours.  *See* Ex. 3.  Additionally, Gregory B. Herbers, an associate attorney formerly employed by Hoffman who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at the hourly rate of $205.00, and has worked 16.7 hours.  *See* Ex. 3.

In addition to the above, costs in this case amount to a total of $525.00.  *See* Ex. 3 ¶ 5. As such, the total amount of attorneys' fees and expenses incurred by Plaintiffs' counsel in this litigation as of July 8, 2019 is approximately $11,857.50 in fees and $525.00 in expenses). (This will increase as counsel has continuing obligations in this case, even if this Settlement Agreement is approved).  In light of these figures, the amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation, and in fact represents a reduction and compromise in the amount of attorneys' fees and costs claimed by counsel (a discount of $2,382.50 to be precise).

---

RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400.  Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

Wherefore, the parties request that this Court approve the proposed Settlement Agreement, and appropriate to approve of and assist the parties in implementing the terms of the Settlement Agreement.

Respectfully submitted,

_____/s/ (with permission) _____
Roy Lyford-Pike, Esq. (Bar No. 19836)
*Signed by Howard B. Hoffman with permission of*
*Roy Lyford-Pike, Esq.*
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, Maryland 20910
301-587-9373
rlpike@zagfirm.com
Attorney for Defendants


_____/s/_____
Howard B. Hoffman, Esq. (Bar No. 25965)
Scott E. Kraff, Esq. (Bar No. 20899)
Jordan S. Liew, Esq. (Bar No. 20509)
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
301-251-3752
skraff@hoholaw.com
hhoffman@hoholaw.com
jliew@hoholaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2019, a copy of the foregoing Joint Motion for Approval of FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.


_____/s/_____
Howard B. Hoffman